# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 24, 2005        Decided February 3, 2006

No. 04-1381

CASINO AIRLINES, INC.,
PETITIONER

v.

NATIONAL TRANSPORTATION SAFETY BOARD AND
FEDERAL AVIATION ADMINISTRATION,
RESPONDENTS

———

On Petition for Review of an Order of the
United States Department of Transportation

———

*Mark T. McDermott* argued the cause for petitioner. With him on the briefs was *Steven L. Graff.*

*Agnes M. Rodriguez*, Senior Attorney, Federal Aviation Administration, argued the cause for respondent. With her on the brief was *Peter J. Lynch*, Assistant Chief Counsel.

Before: TATEL and GRIFFITH, *Circuit Judges, and* WILLIAMS, *Senior Circuit Judge.*

Opinion for the Court filed by *Circuit Judge* GRIFFITH.

GRIFFITH, *Circuit Judge*: Casino Airlines, Inc. (Casino) seeks review of an order of the National Transportation Safety Board (NTSB or Board). The Board affirmed the decision of an Administrative Law Judge (ALJ) to uphold the revocation of Casino's air carrier operating certificate by the Federal Aviation Administration (FAA). We deny Casino's petition for review because we find that at least one of the grounds for the Board's decision was permissible.

## I. BACKGROUND

The FAA Administrator revoked the operating certificate for Casino, a small regional carrier, on January 23, 2003. Without a valid certificate, Casino could not conduct air carrier operations. *See* 49 U.S.C. § 44711(a)(4). Casino appealed the revocation to the NTSB. *See* 49 U.S.C. § 44709(d)(1). The NTSB assigns appeals to an ALJ, who is authorized to issue an initial decision. 49 C.F.R. § 821.35(a), (b)(10). Appeals from ALJ decisions may be made to the Board. 49 C.F.R. § 821.47(a). The carrier may then petition this Court for review of adverse Board decisions. 49 U.S.C. § 1153(a); 49 U.S.C. § 44709(f).

Before the ALJ, the FAA submitted as its complaint the "Order of Revocation," which it is required to do under 49 C.F.R. § 821.31(a), but Casino failed to file an answer as called for in 49 C.F.R. § 821.31(b). The FAA moved for summary judgment, asking the Board to affirm the Administrator's revocation on the ground that there was no genuine issue of material fact. Casino did not respond. The FAA attached two declarations from FAA safety inspectors to its motion. The first stated that Casino did not have "a qualified Chief Inspector"; the second stated that Casino did not have an "economic authority." Under FAA regulations, an air carrier must employ a qualified chief inspector and possess an economic authority, 14

C.F.R. § 119.65(a)(5); 14 C.F.R. § 119.5(i), or face revocation of its operating certificate. 49 U.S.C. § 44709(b)(1)(A).

The ALJ affirmed the FAA revocation order and gave two reasons for its decision. First, he held that the allegations of the complaint were deemed admitted because Casino had not filed an answer. Second, the ALJ found that there were "no disputed material facts" because Casino had not opposed the FAA's motion for summary judgment. *Admin'r v. Casino Airlines, Inc.*, NTSB Decisional Order, Docket No. SE-16809 (June 27, 2003) (hereinafter ALJ Opinion), *reprinted in* Joint Appendix (J.A.) at 44-45. According to the ALJ, "the proceeding [stood] for disposition upon the facts of the Complaint which [were] deemed established *and* the unopposed representations and attachments in said Motion [the motion for summary judgment]." J.A. at 45 (emphasis added).

Casino appealed the ALJ decision to the Board, arguing that its appeal should not have been dismissed for what it called a "procedural defect," given that it was not represented by counsel at the time. J.A. at 55-56. The Board denied the appeal, stating that Casino's *pro se* status was irrelevant because Casino had "failed to act in the face of clear notice of the necessity and timing for doing so." *Admin'r v. Casino Airlines, Inc.*, NTSB Order No. 5091, at 3 (May 27, 2004), *reprinted in* J.A. at 95. More important to the disposition of this matter, the Board affirmed the ALJ's decision to "deem[] [the FAA allegations] admitted by the unanswered complaint *and* the law judge's grant of the unopposed motion for summary judgment." *Id.* (emphasis added).

Casino moved for reconsideration, and for the first time in its challenge to the revocation of its operating certificate, Casino argued that its Notice of Appeal was the functional equivalent of an answer, and that the ALJ and the Board should not have

deemed the allegations of the complaint admitted. The Board concurred that the ALJ could have treated the Notice of Appeal as an answer, but still affirmed its prior decision on the basis of Casino's failure to respond to the FAA's motion for summary judgment: "[T]he law judge cannot be faulted for not recognizing the appropriateness of disregarding respondent's failure to file a formal answer in the face of [Casino's] subsequent failure to respond to the Administrator's motion for summary judgment." NTSB Order No. 5108 (September 14, 2004) at 1-2, *reprinted in* J.A. at 111-12.

On November 9, 2004, Casino petitioned this Court for review of the NTSB orders.

## II. ANALYSIS

We have jurisdiction to hear this petition for review pursuant to 49 U.S.C. §§ 1153(a) and 44709(f), and, applying the familiar standard of review found in 5 U.S.C. § 706(2)(a), we uphold the NTSB orders because they are "not 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *See Am. Fed'n of Gov't Employees, AFL-CIO v. FLRA*, 778 F.2d 850, 863 (D.C. Cir. 1985) (quoting 5 U.S.C. § 706(2)(a)).

Casino rests its challenge to the Board's decision upon its argument that the ALJ and the NTSB should have treated Casino's notice of appeal letter as an answer to the FAA complaint and should not, therefore, have deemed the allegations in the FAA complaint admitted.[1] But we need not

---

[1] At oral argument, counsel for Casino also argued that the NTSB should have considered disciplinary action as an alternative to revocation. Oral Arg. at 3:45; 6:40. Casino, however, failed to raise this argument in its briefs and therefore waived the argument. *See Ark*

address this issue because both the ALJ and the NTSB relied on another independent and valid ground for their decisions: Casino's failure to respond to the motion for summary judgment.[2]

Although "[i]t is axiomatic that we may uphold agency orders based only on reasoning that is fairly stated by the agency in the order under review," *Williams Gas Processing – Gulf Coast Co., L.P. v. FERC*, 373 F.3d 1335, 1345 (D.C. Cir. 2004) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)), the contested decision need not be a model of clarity. As long as "the agency's path may reasonably be discerned," we will uphold the decision even if it is "of less than ideal clarity." *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974); *see also Chritton v. NTSB*, 888 F.2d 854, 862 (D.C. Cir. 1989) (upholding Board decision even though the decision was "less than crystal clear"). We have consistently held that "[w]hen an agency relies on multiple grounds for its decision, some of which are invalid, we may nonetheless sustain the decision as long as one is valid and 'the agency would clearly have acted on that ground even if the other were

---

*Las Vegas Rest. Corp. v. NLRB*, 334 F.3d 99, 108 n.4 (D.C. Cir. 2003); *see also* Oral Arg. at 10:17.

[2] In any case, it is not entirely clear that the Board acted arbitrarily and capriciously when it refused to treat the notice of appeal as an answer to the FAA complaint. To be sure, the NTSB did find, in *Administrator v. Ocampo*, NTSB Order No. EA-5113 (Sept. 28, 2004), at 3, that a "notice of appeal" should be treated as an "answer," but this decision was issued *after* the NTSB issued its order on reconsideration on September 14, 2004. Given our conclusion in this case, we do not address whether a decision can be arbitrary and capricious or contrary to precedent if the precedential opinion relied upon was issued *after* the issuance of the decision being challenged but *before* the filing of the notice of appeal.

unavailable.'" *Mail Order Ass'n. of Am. v. U.S. Postal Serv.*, 2 F.3d 408, 434 (D.C. Cir. 1993) (quoting *Syracuse Peace Council v. FCC*, 867 F.2d 654, 657 (D.C. Cir. 1989), *cert. denied*, 493 U.S. 1019 (1990)).

In this case, we can "reasonably discern" that Casino's failure to respond to the summary judgment motion was an independent ground for the decisions at issue. The ALJ, for example, held that "the proceeding stands for disposition upon the facts of the Complaint which are deemed established *and the unopposed representations and attachments in said Motion [the motion for summary judgment]*." ALJ Opinion at 45 (emphasis added). On appeal from that decision, the Board noted that the ALJ had based its decision on Casino's failure to file a complaint *and* Casino's failure to respond to the motion for summary judgment. NTSB Order No. 5091, at 3. And, in its denial of the motion for reconsideration, the Board explained that it was denying the appeal because Casino had not responded to the summary judgment motion. NTSB Order No. 5109, at 1-2.

We agree with the Board. Its regulations provide that "[a] party may file a motion for summary judgment on the basis that the pleadings and other supporting documentation establish that there are no material issues of fact to be resolved and that party is entitled to judgment as a matter of law." 49 C.F.R. § 821.17(d). Here, the FAA filed a motion for summary judgment and attached affidavits declaring that Casino did not have the required economic authority and was not employing a chief inspector. Casino did not file a response to the motion for summary judgment, and, consequently, NTSB properly concluded that there were "no material issues of fact to be resolved." *Id*.

Casino reads the Board's decision differently and argues that the Board held only that a notice of appeal cannot serve as an answer if a party does not file a response to a subsequent motion for summary judgment. But that is not a fair reading of what the Board said. The Board's language could have been more direct, but we do not think there can be a reasonable dispute that the Board orders were based, at least in part, on the undisputed fact that Casino failed to respond to the FAA's motion for summary judgment. That is a sufficient basis for the Board's decision and for our decision to deny the petition for review.

*So ordered.*