**SUNWORLD INTERNATIONAL AIRLINES, INC., Petitioner**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD and Federal Aviation Administration, Respondents.**

No. 08–1137.

United States Court of Appeals, District of Columbia Circuit.

Dec. 12, 2008.

664

Stephen R. Sugrue, Coti & Sugrue, New Canaan, CT, for Petitioner.

James Aloysius Barry, Attorney, Federal Aviation Administration, Enforcement Division, Washington, DC, for Respondents.

Before: GINSBURG, HENDERSON, and BROWN, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the National Transportation Safety Board (NTSB) and on the briefs of the parties. The court has determined that the issues presented no need for oral argument. *See* D.C.Cir. Rule 34(j).

▆ Sunworld International Airlines petitions for review of the NTSB's order affirming the decision of the Federal Aviation Administration (FAA) to revoke Sunworld's Air Carrier Certificate. Federal law requires an air carrier to obtain a Certificate, 49 U.S.C. § 44705, which the FAA may issue "if ... [it] finds that the applicant" meets several criteria, including possession of "economic authority ... issued by the Department of Transportation," 14 C.F.R. § 119.39(a). Loss of economic authority is a ground for revocation of a Certificate, *see id.* § 119.5(i); *Casino*

*Airlines, Inc. v. NTSB*, 439 F.3d 715, 716 (D.C.Cir.2006), as is termination of operations, *see Adm'r v. Air Illinois, Inc.*, 6 N.T.S.B. 436, 440 (1988).

Sunworld has not flown since the only aircraft on Sunworld's operating specifications was repossessed on November 11, 2004. Consequently, on November 15, 2004 the Department of Transportation (DOT) suspended Sunworld's economic authority. On June 6, 2005, the FAA notified Sunworld that it was going to revoke the airline's Certificate, but withdrew that notice on November 2, 2005.

After inspecting Sunworld's facility in Florence, Kentucky, the FAA issued an order on September 12, 2006 revoking Sunworld's Certificate. In a subsequent action before the NTSB, in which Sunworld challenged the FAA's decision, Sunworld nominally denied the allegation that the DOT had suspended its economic authority, asserting that its authority was "dormant" and that it had pending a notice of intent to resume service. Sunworld, however, did not submit any evidence that controverted the November 15, 2004 letter from the DOT suspending its economic authority. The Administrative Law Judge granted summary judgment for the FAA, which the NTSB affirmed, reasoning that "[t]he Board has long held that revocation of an air carrier's operating certificate is the appropriate sanction when the carrier ... has effectively terminated its operations."

Sunworld argues the NTSB's decision was arbitrary and capricious because neither any alleged regulatory violation nor the NTSB's precedent supported revocation. Sunworld also argues the FAA arbitrarily failed to explain why it changed the position it had taken in its letter of November 2, 2005.

The record contains substantial evidence, *viz.* the DOT's November 15, 2004 letter, to support the NTSB's determination that Sunworld lacked economic authority and therefore was not entitled to retain its Certificate. Nor do we fault the NTSB's application of its precedent. Because Sunworld had neither possessed nor flown the only aircraft on its operations specifications for nearly two years when the FAA issued its order, the case for revocation was as strong as in *Air Illinois,* 6 N.T.S.B. at 440. Sunworld's claimed intention to resume operations is irrelevant because "the Board's decision … must be rendered on the basis of the record as currently constituted, which clearly shows [Sunworld's] lack of qualifications." *Adm'r v. Sun Airlines, Inc.,* 1 N.T.S.B. 1859, 1861 (1972). In light of the foregoing, we need not decide whether the NTSB correctly concluded the FAA had proved other regulatory violations that would have justified revocation.

█ Finally, the NTSB reasonably addressed Sunworld's argument that the present enforcement action was an unexplained change of position from the FAA's letter of November 2, 2005. The FAA's decision to revoke Sunworld's Certificate after previously having stayed its hand "involve[d] a complicated balancing of a number of factors" peculiarly within the province of the agency, including how best to use its resources, *see Heckler v. Chaney,* 470 U.S. 821, 831, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), and the record supports the NTSB's decision to defer to the FAA's exercise of its prosecutorial discretion. By the time the FAA revoked Sunworld's Certificate in September 2006, the airline had gone an additional ten months without a flight, making it even more apparent that Sunworld had ceased operations and therefore should not be permitted to retain its certificate.

█ Sunworld's other arguments are frivolous or nearly so. The NTSB's stale complaint rule, which bars a complaint based upon offenses more than six months old, is not applicable to a complaint that demonstrates a lack of qualification. 49 C.F.R. § 821.33(b). The NTSB's rules do not require a party to support its motion for summary judgment with affidavits or sworn statements. *Id.* § 821.17(d). Finally, assuming, as Sunworld claims, that FAA personnel facilitated the repossession of its plane, Sunworld gives us no reason to believe that bars the FAA from revoking its certificate.

It is therefore **ORDERED and ADJUDGED** that the petition for review be **DENIED.** The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.CIR. RULE 36(b). The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.