**John Michael REX, Petitioner**

v.

**FEDERAL AVIATION ADMINISTRATION and National Transportation Safety Board, Respondents.**

No. 08–1073.

United States Court of Appeals,
District of Columbia Circuit.

March 10, 2009.

Rehearing En Banc Denied June 2, 2009.

John Michael Rex, Panama City, FL, pro se.

James Aloysius Barry, Federal Aviation Administration, Washington, DC, for Respondents.

BEFORE: GINSBURG, ROGERS, and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

Upon consideration of the motion for appointment of counsel, the record from the National Transportation Safety Board, and the briefs filed by the parties, it is

ORDERED that the motion for appointment of counsel be denied. With the exception of appellants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the petition for review of the December 21, 2007 order of the National Transportation Safety Board ("NTSB") be denied. The NTSB's decision is supported by substantial evidence, see *Garvey v. NTSB*, 190 F.3d 571, 577 (D.C.Cir.1999), and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, see *Casino Airlines, Inc. v. NTSB*, 439 F.3d 715, 717 (D.C.Cir.2006). The Administrative Law Judge ("ALJ") properly exercised his fact finding authority to assess witness credibility during the trial, and did not abuse his discretion in his rulings with respect to discovery or the admissibility of evidence. *See Throckmorton v. NTSB*, 963 F.2d 441, 444–45 (D.C.Cir.1992). To the extent Rex raises arguments he did not present to the ALJ or the NTSB, these arguments have not been preserved for review. *See* 49 U.S.C. § 1153(b)(4); *cf. Horowitz v. Peace Corps.*, 428 F.3d 271, 282 (D.C.Cir. 2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.