Halpern and Holmes, JJ., concurring: I. Introduction We have joined Judge Thornton’s concurring opinion, which would grant petitioner’s motion for summary judgment on the ground of this Court’s prior decisions consistently-holding that our construction of section 6501(e)(1)(A) follows from the unambiguous terms of the statute.[1] That is a sufficient ground to dispose of this case and should end the matter. But the prevailing opinion[2] does not stop there. Without benefit of argument from the parties, Judge Wherry has addressed the final regulations, sections 301.6229(c)(2)-1 and 301.6501(e)-1, Proced. & Admin. Regs, (the final regulations), and found one reason to question them and two reasons to reject them.[3] First, he suggests (“assumptions not necessarily * * * [contradicted] here”) that they are “‘arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law’, * * * [or not] issued in ‘observance of procedure required by law’”. Majority op. p. 388. Second, he classifies Colony, Inc. v. Commissioner, 357 U.S. 28 (1958) (Colony), as a Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984) (Chevron), step one holding, which is contradicted by, and thus renders invalid, the final regulations (as we held in Intermountain Ins. Serv. of Vail, LLC v. Commissioner, 134 T.C. 211, 224 (2010) {Intermountain) with respect to the temporary regulations). See majority op. pp. 387, 391. Finally, assuming arguendo that Colony is a Chevron step two holding, he disqualifies the final regulations as violating the Chenery doctrine, SEC v. Chenery Corp., 332 U.S. 194 (1947) (Chenery). Majority op. pp. 394-395. We file this concurring opinion because of the prominence of the prevailing opinion. See Bushnell v. Commissioner, 49 T.C. 296, 311 (1967) (Raum, J., concurring) (concurring opinion filed to rebut theory relied on in prevailing opinion). We address the second two of Judge Wherry’s three reasons, the first (unless one and the same with the Chenery reason) giving us nothing to grasp. II. Chevron Step One Judge Wherry classifies Colony as a Chevron step one decision principally on the basis of our analysis in Inter-mountain. Majority op. p. 391. In Intermountain, 134 T.C. at 223-224, we stated that, on the basis of its review of the legislative history of the predecessor to section 6501(e)(1)(A), the Supreme Court in Colony “concluded that Congress’ intent was clear and that the statutory provision was unambiguous.” The Supreme Court, we added, found in that section’s legislative history the narrow purpose of extending the 3-year period of limitations only when a taxpayer had omitted an item of gross income. Id. at 224.[4] We concluded: In so holding, the Supreme Court found that the statute’s legislative history clarified its otherwise ambiguous text and, as a result, explicated Congress’ intent and the meaning of the statutory provision. Thus, the Supreme Court’s opinion in Colony, Inc. v. Commissioner, supra, “unambiguously forecloses the agency’s interpretation” of sections 6229(c)(2) and 6501(e)(1)(A) and displaces respondent’s temporary regulations. See Natl. Cable & Telecomms. Association v. Brand X Internet Servs., * * * [545 U.S. 967, 983 (2005) (Brand X)]. Consequently, the temporary regulations are invalid and are not entitled to deferential treatment. [Id.] fin. refs, omitted.] While the majority in Intermountain dutifully cited Brand X, it paid insufficient attention to the Supreme Court’s specific instruction that “A court’s prior judicial construction * * * trumps an agency construction * * * only if the prior court decision holds that its construction follows from the unambiguous terms of the statute”. Brand X, 545 U.S. at 982 (emphasis added). Judge Wherry reads Brand X to allow a subsequent regulation to trump the holding of a case “only if an ‘unwise judicial construction’ represents a policy choice”. Majority op. p. 393. This seems to be a unique reading of Brand X, which distinguishes between statutes that the courts have found ambiguous and those they have found unambiguous, see Brand X, 545 U.S. at 982, not between cases where judges self-consciously make policy choices and cases where they engage in the more pedestrian work of construing a statute’s terms. The appropriate focus of any application of Brand X is the prior opinion’s holding, specifically whether it held that its interpretation of a provision “[followed] from the unambiguous terms of the statute”.[5] That, in turn, raises two questions: (1) what exactly did the earlier court assert? and (2) does its assertion carry authority? “The first inquiry seeks meaning and asks: did this court assert that its interpretation was the only reasonable one? The second seeks authority and asks: was this assertion part of the case’s holding?”[6] Both inquiries must yield positive answers in order for a court applying Brand X to find a step one holding. Colony is a pre-Chevron case, and the Supreme Court did not have to decide whether its interpretation of the statute was the only reasonable one (i.e., that the statute was unambiguous, or clear) or merely the best one. The first inquiry, seeking meaning, is, for that reason, problematic when applied to Colony. It is even more so for us, a national, trial-level Court, because the Supreme Court has not spoken clearly on the issue of legislative history in the Chevron framework and the situation in the Courts of Appeals is muddled. See Intermountain, 134 T.C. at 232-236 (Halpern and Holmes, JJ., concurring in the result). Brand X signals an agency-deferential approach to statutory interpretation. Given the difficulties in trying to reclassify Colony within the Chevron framework, we too would be inclined to require either an explicit statement that the predecessor statute[7] was unambiguous or a holding dependent on such unambiguity,[8] before declining to give deference to the Secretary’s contrary regulations.[9] We do not find either in Colony and, thus, if called upon to do so, would not find it a Chevron step one holding.[10] III. Chenery Supplementing our analysis in Inter mountain, Judge Wherry addresses the contingency that we may have been wrong there in deciding that Colony is a Chevron step one holding. Even if it is not, he says, the Supreme Court’s decision in Chenery would still invalidate the final regulations. Majority op. pp. 394-395. In Bakersfield Energy Partners, LP v. Commissioner, 568 F.3d 767, 778 (9th Cir. 2009), affg. 128 T.C. 207 (2007), the Court of Appeals for the Ninth Circuit implicitly brought into question Colony’s standing as a Chevron step one holding by suggesting that the Secretary may have authority to reinterpret the phrase “omits from gross income”. Barring written stipulation to the contrary, this case is appealable to the Court of Appeals for the Ninth Circuit. See sec. 7482(b)(1)(E), (2). Understandably, Judge Wherry may wish to be heard on that question. Unfortunately, his contribution — his conclusion that Chenery requires the Secretary to “unequivocally” repudiate Colony in his regulations, majority op. p. 396 — will, if mistaken for the position of the Court, likely only cause us more trouble in our already nettlesome relationship with the Administrative Procedure Act (APA), 5 U.S.C. secs. 551-559, 701-706 (2006). The problem is that the APA itself requires no “unequivocal” statement; it requires only “a concise general statement of * * * [the regulations’] basis and purpose.” Id. sec. 553(c) (emphasis added).[11] The Secretary did explain his basis for the final regulations. He recognized authority for his substantive view of a broad, general definition of gross income. T.D. 9511, 2011-6 I.R.B. 455, 456 (“outside of the trade-or-business context * * * the section 61 definition of gross income applies”). He referenced sections 7805 and 6230(k) as his authority for issuing the final regulations. Id. He disagreed with our holding in Intermountain that the Supreme Court’s interpretation of the statutory phrase in question (“omits from gross income”) in Colony was the only permissible interpretation, and, on the basis of that disagreement, he relied on Brand X as his authority for superseding that interpretation. Id., 2011-6 I.R.B. at 455. The Secretary also made his purposes clear: To supersede the, in his view, erroneous view of the Courts of Appeals for the Ninth and Federal Circuits that Colony is not limited to the trade or business context under the predecessor of section 6501(e)(1), id., and to address Intermountain’s holding that the Supreme Court’s interpretation in Colony is the only permissible interpretation of the statutory language (“omits from gross income”) in sections 6229(c)(2) and 6501(e)(1)(A), id. While Judge Wherry recognizes the Secretary’s dual purposes of (1) limiting Colony to a trade or business circumstance and (2) failing that, establishing his authority under Brand X to supersede the Supreme Court’s interpretation of the phrase “omits from gross income”, he finds neither adequate. Majority op. p. 381. The first, he believes, attempts to usurp the courts’ function of interpreting the Supreme Court’s opinions. We agree. See Bakersfield Energy Partners, LP v. Commissioner, supra. The second, he believes, is fatally equivocal, principally because of the preamble’s reference to “a new statutory setting.” Majority op. p. 396. For him, that is an unacceptable ambiguity: does the Secretary really mean he can trump the Supreme Court’s interpretation in Colony or is he reiterating his view that Colony is confined to the 1939 Code? Until the Secretary unequivocally takes the former position, Chenery, according to Judge Wherry, ties the Secretary’s hands. Majority op. p. 396. We do not agree. First, it must be kept in mind that the Secretary’s reference to a new statutory setting arises only in the context of his rebuttal of our holding in Intermountain that the Supreme Court’s opinion in Colony was the only permissible interpretation of the statute. Following the Secretary’s recital of the Supreme Court’s statement in Colony that the term “omits from gross income” is ambiguous, which he states “meaning * * * susceptible to more than one reasonable interpretation”, he references Brand X and states that the Secretary and the IRS are permitted to adopt another reasonable interpretation of the term, “particularly as it is used in a new statutory setting.” T.D. 9511, 2011-6 I.R.B. at 455. The Secretary does not say, e.g., “because of” or “in light of” that new setting. It seems to us that he was merely addressing what he saw as a flaw in our Intermountain analysis; viz, that the meaning the Supreme Court attached to the phrase “omission from income” in the 1939 Code necessarily attached to the same phrase in the 1954 Code. Tellingly, after stating his disagreement with Intermountain, the Secretary drives home his right to challenge it by citation: “See Hernandez-Carrera v. Carlson, 547 F.3d 1237 (10th Cir. 2008) (agencies are free to promulgate a reasonable construction of an ambiguous statute that contradicts any court’s interpretation, even the Supreme Court’s).” Id., 2011-6 C.B. at 455-456. Why cite language of the, at the time,[12] only Federal appellate-level decision applying Brand X to a Supreme Court interpretation other than to try to overturn a Supreme Court interpretation? Moreover, neither Chenery nor the apa requires crystal clarity of purpose. We think that it is reasonably clear from the preamble to the final regulations that the Secretary believes that, relying on Brand X, he can come to a different conclusion as to the meaning of section 6501 than the Supreme Court did in Colony. And despite Judge Wherry’s assertions to the contrary, Chenery asks no more. He is right that under APA section 706(2)(A) the Secretary’s findings cannot be arbitrary and capricious, majority op. p. 388, and we recognize that under that standard “the agency must examine the relevant data and articulate a satisfactory explanation for its action”, Motor Vehicle Manufacturers Association of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (emphasis added). And although a court cannot provide a reasoned basis for the Secretary’s decision if he did not, see id. (citing Chenery), a court must “uphold a decision of less than ideal clarity if the agency’s path may reasonably be discerned”, id. (quotation marks omitted); see also Providence Yakima Med. Ctr. v. Sebelius, 611 F.3d 1181, 1190 (9th Cir. 2010). The Secretary’s Brand X rationale meets that standard, and that is enough. See, e.g., Nw. Ecosystem Alliance v. U.S. Fish & Wildlife Serv., 475 F.3d 1136, 1146 (9th Cir. 2007) (though not “a paragon of clarity * * *, the Service’s reasoning can be discerned with careful reading.”); Dominion Res., Inc. v. United States, 97 Fed. Cl. 239, 259 (Feb. 25, 2011) (the Secretary’s path could “be ‘discerned,’ albeit somewhat murkily”). We have no call to require more than that, with reasonable effort, the Secretary’s intent can be discerned. See Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 543-544, 548 (1978) (absent extremely compelling circumstances, courts should not overturn agency decisions when the statutory mínimums have been met). Finally, we recognize that, having accepted Judge Wherry’s criticism of the Secretary’s first rationale (limiting Colony) and rejected his criticism of the second (reliance on Brand X), we are left with a mixed basket of correct and incorrect rationales for an agency’s decision, which might provide sufficient reason for a court to invalidate the agency’s action. E.g., Intl. Union, UMW v. U.S. Dept. of Labor, 358 F.3d 40, 44-45 (D.C. Cir. 2004). But “[w]hen an agency relies on multiple grounds for its decision, some of which are invalid, * * * [we] may nonetheless sustain the decision as long as one is valid and the agency would clearly have acted on that ground even if the other were unavailable.” Casino Airlines, Inc. v. NTSB, 439 F.3d 715, 717 (D.C. Cir. 2006) (internal quotation marks omitted); see also Fed. Express Corp. v. Mineta, 373 F.3d 112, 118 (D.C. Cir. 2004) (“No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.” (internal quotation marks omitted)).[13] Because we believe that the Secretary’s second rationale is independent of his first, we believe that he would stand behind his regulations on that ground alone. IV. Conclusion We have made clear that we would not characterize Colony as a Chevron step one holding. If called upon to do so, we would also find Chenery inapplicable. Nonetheless, since the temporary regulations are invalid per Intermountain, we have to concur with the Court’s disposition of petitioner’s motion for summary judgment. E.g., Intermountain Ins. Serv. of Vail, LLC v. Commissioner, 134 T.C. 211, 224 (2010) (invalidating the temporary regulations, secs. 301.6229(c)(2)-lT, 301.6501(e)-lT, Temporary Proced. & Admin. Regs., 74 Fed. Reg. 49322-49323 (Sept. 28, 2009), on the ground that Colony, Inc. v. Commissioner, 357 U.S. 28 (1958), is a Chevron U.S.A. Inc. v. Natural Res. Def Council, 467 U.S. 837 (1984) (Chevron), step one holding, which “‘forecloses the agency’s interpretation’ of sections 6229(c)(2) and 6501(e)(1)(A)”). Judge Wherry’s report in this case was referred to the Court Conference by the Chief Judge pursuant to the authority of sec. 7460(b). It was reviewed by the Court Conference, and Judge Wherry’s disposition of petitioner’s motion for summary judgment prevailed because all of the Judges voting at the Court Conference either were for the report or concurred in the result. A majority of the voting Judges authoring or joining an opinion, however, agree with Judge Thornton that, to grant the motion, we should go no further than to reiterate our historical position that the statute unambiguously precludes respondent’s interpretation. Judge Wherry hints, majority op. note 23, that there might be different rules for resorting to legislative history in tax cases, citing with approval Prof. Livingston’s 20-year-old observation that “The tax legislative process differs in several important respects from the model assumed in most interpretive theories.” Livingston, “Congress, the Courts, and the Code: Legislative History and the Interpretation of Tax Statutes”, 69 Tex. L. Rev. 819, 832 (1991). This may be true, but the Supreme Court unanimously warned us just earlier this year that “we are not inclined to carve out an approach to administrative review good for tax law only. To the contrary, we have expressly ‘[r]ecogniz[ed] the importance of maintaining a uniform approach to judicial review of administrative action.”’ Mayo Found. v. United States, 562 U.S._,_, 131 S. Ct. 704, 713 (2011) (quoting Dickinson v. Zurko, 527 U.S. 150, 154 (1999)). This point is made in Note, “Implementing Brand X: What Counts as a Step One Holding?”, 119 Harv. L. Rev. 1532, 1536 (2006). Id. Sec. 275(c), I.R.C. 1939. See supra note 5. An explicit-statement approach is suggested by the author in Case Comment, “Administrative Law — Chevron Deference — Federal Tax Court Holds Pre-Chevron Judicial Construction of Statute Precludes Subsequent Agency Interpretation if Prior Construction Was Premised on Legislative History.—Intermountain Insurance Service of Vail, LLC v. Commissioner, No. 25868-06, 2010 WL 1838297 (T.C. May 6, 2010)”, 124 Harv. L. Rev. 1066, 1071 (2011). We recognize that the Courts of Appeals have addressed this issue and have reached varying results. Grapevine Imps., Ltd. v. United States, 636 F.3d 1368, 1378 (Fed. Cir. 2011) (ambiguous at Chevron step one); Beard v. Commissioner, 633 F.3d 616 (7th Cir. 2011) (inclined to give regulations Chevron deference), revg. T.C. Memo. 2009-184; Burks v. United States, 633 F.3d 347, 360 (5th Cir. 2011) (unambiguous at Chevron step one; Home Concrete & Supply, LLC v. United States, 634 F.3d 249, 257 (4th Cir. 2011) (accord). Judge Wherry is right, of course, that “Chenery sweeps wider than the Administrative Procedure Act’s ‘basis and purpose’ requirement, * * * agency action can be upheld only on the ground previously advanced by the agency.” Majority op. note 6. But there cannot be any other grounds in this case — never having asked respondent his views on the matter, he cannot possibly advance justifications in favor of the regulations different from those in the preamble to the regulations. More recently, in validating the final regulations, the Court of Appeals for the Federal Circuit found the Supreme Court’s opinion in Colony, Inc. v. Commissioner, 357 U.S. 28 (1958), to be ambiguous. Grapevine Imps., Ltd. v. United States, supra. Judge Wherry disagrees, believing we cannot choose between alternative grounds. See majority op. note 30. In support of this view, he cites Holland v. Natl. Mining Association, 309 F.3d 808 (D.C. Cir. 2002). But in Holland, the court was not weighing multiple rationales given by the agency. Instead, it remanded because it did not know whether the agency came to a decision on its own or left the reasoning to the Court of Appeals for the Eleventh Circuit, which had previously found against the agency. The court could not affirm if the basis for the decision was not the agency’s. See Interstate Commerce Commn. v. Bhd. of Locomotive Engrs., 482 U.S. 270, 283 (1987). But in this case, the Secretary, rather than this or any other court, supplied the reasons.