Opinion for the court filed by Chief Judge PROST.
Dissenting opinion filed by Circuit Judge NEWMAN.
PROST, Chief Judge.
This case presents the second time that this court reviews whether a publication entitled Peter Martin Associates Press Release, dated September 27, 1999 (“PMA”), *1376 anticipates the claimed invention.[1] In the original case, we remanded the claims to the United States Patent and Trademark Office, Patent Trial and Appeal Board (“Board”) for the Board to consider Mr. Morsa’s arguments concerning the enablement of the PMA reference. In re Morsa, 713 F.3d 104, 112 (Fed.Cir.2013) (“Morsa I”). On remand, the Board determined that the reference was enabling. Appellant’s Informal Br. App. 7. Mr. Morsa argues that the reference was not enabling. See generally Appellant’s Informal Br. We disagree with Mr. Morsa and therefore affirm.
Background
Morsa I provides detailed background information regarding this case, and thus we will only briefly set forth the relevant background information here. Morsa I, at 106. In Morsa I, we affirmed the Board’s rejection of claims 181, 184, 188-203, 206, 210-25, 228, 232-47, 250, and 254-68 of utility patent application No. 60/211228, as substantial evidence supported the Board’s ultimate legal conclusion that the claims were obvious in light of the prior art. Id. However, we vacated and remanded as to the Board’s determination that claims 271[2] and 272’ were anticipated because the Board performed an incorrect enablement analysis. Id.
On remand, the Board determined that the anticipating reference, PMA, was enabled. In reaching its conclusion the Board looked to Mr. Morsa’s specification to determine what a person of ordinary skill in this particular field of art would know. The Board found that the specification showed that only “ordinary” computer programming skills were needed to make and use the claimed invention. The Board then determined that the PMA disclosure combined with what a skilled computer artisan would know rendered the PMA reference enabling and therefore anticipatory of claims 271 and 272.
DisCussion
We review the Board’s legal conclusions de novo and the Board’s factual decisions for substantial evidence. In re DBC, 545 F.3d 1373, 1377 (Fed.Cir.2008). Whether a prior art reference is enabling is a question of law based on underlying factual findings. Impax Labs., Inc. v. Aventis Pharm., Inc., 545 F.3d 1312, 1315 (Fed.Cir.2008). Thus, this court reviews the Board’s ultimate conclusion that a reference is or is not enabling without deference. Id.
Mr. Morsa contends that the Board did not conduct a proper enablement analysis regarding the PMA reference. His chief arguments are that the Board improperly erred by taking official notice in its enablement analysis of various facts and thus generating new grounds of rejection; that the PMA is not enabling because it would *1377 have required a person of ordinary skill in the art to conduct undue experimentation; and that the PMA lacks several elements required by the claims. We find none of these arguments persuasive.
The Board properly determined that the PMA reference is enabling. En-ablement of prior art requires that the reference teach a skilled artisan — at the time of filing — to make or carry out what it discloses in relation to the claimed invention without undue experimentation. In re Antor Media Corp., 689 F.3d 1282, 1289-90 (Fed.Cir.2012). For a prior-art reference to be enabling, it need not enable the claim in its entirety, but instead the reference need only enable a single embodiment of the claim. Schering Corp. v. Geneva Pharm., 339 F.3d 1373, 1381 (Fed.Cir.2003).
We start first with the knowledge that a relevant skilled artisan would have in this case. Here, the Board properly held that the application’s specification made numerous admissions as to what one skilled in the art at the time of the invention would have known. For example, the Board found, that the specification discussed that central processing units and memories were “well known to those skilled in the art,” that central processing units and memories were “used in conventional ways to process requests for benefit information in accordance with stored instructions,” that the system as described in the patent “can be implemented by any programmer of ordinary skill in the art using commercially available development tools ...,” and that “search routines for accomplishing this purpose are well within the knowledge of those of ordinary skill in the art.” Appellee’s App. 38, 40.
We turn next to the piece of prior art that the examiner and the Board found to be anticipatory, PMA. There are only four basic claim limitations found in claims 271 and 272; each of these limitations can be directly mapped onto the PMA reference. First, the claims require the storage of benefit information. Id. at 48-49. Likewise, the PMA reference describes the storage of “benefits and services that consumers receive from public and private agencies” along with the storage of “benefits services, health risks, or anything else an agency wishes to implement via its eligibility library.” Id. at 26-27. Second, the claims require that there be a request for benefits. Id. at 48-49. This correlates with the PMA’s statement that “consumers use the web to screen themselves for benefits, services, health risks, or anything else an agency wishes to implement via its eligibility library.” Id. at 27. Third, the claims require that a computer network match the request with benefits. Id. at 48-49. This maps onto the PMA’s use of the internet. Fourth, and finally, the claims require that results be provided to the requester. As stated before, the PMA reference allows “consumers [to] use the Web to screen themselves for benefits, services, health risks, or anything else an agency wishes to implement via its eligibility library.” Id. at 27. Considering that each limitation is found in the PMA reference, we agree with the Board that the PMA discloses Mr. Morsa’s claims. Thus, considering that the PMA reference discloses each claim limitation, and that the application’s specification indicates that a person of ordinary skill in the art is capable of programming the invention, the Board’s conclusion that the PMA reference is enabling is correct.
Mr. Morsa’s principal argument is that the statements made by the Board appearing before the enablement analysis show reversible error as they constitute undes- *1378 ignated new grounds of rejection. We disagree. These statements — such as the statement that database-searching is old and well known and thus the focus on the present application is not on searching databases generally, but on the specific type of data used and the specific searches performed — were merely descriptive. The statements were not part of the Board’s enablement analysis and were not necessary to the Board’s conclusions. Thus, these statements1 do not constitute a new ground of rejection and do not undermine the Board’s conclusions.
Mr. Morsa additionally argues that the information provided by PMA is not sufficient to make the claimed invention and thus would require undue experimentation. We disagree. As discussed above, the specification made clear that a skilled computer artisan would readily know how to use conventional computer equipment and how to program it; thus, only ordinary experimentation would be needed to make the claimed program.
Finally, we do not use portions of the patent specification as prior art, but instead affirm the Board’s use of one section in the specification solely as it relates to the knowledge of a person of ordinary skill in the art. There is a crucial difference between using the patent’s specification for filling in gaps in the prior art, and using it to determine the knowledge of a person of ordinary skill in the art. Here, the Board did only the latter. Mr. Morsa, amongst other things, admitted in the specification that the system as described in the patent “can be implemented by any programmer of ordinary skill ...,” thus allowing him to avoid having to teach the public this very concept. Therefore, by using Mr. Morsa’s admissions, the Board simply held him to the statements he made in attempting to procure the patent.
For the reasons stated above, we affirm the judgment of the Board as it pertains to the PMA being enabling. We have reviewed Appellant’s remaining arguments and find them unpersuasive.
AFFIRMED
Costs
Each party shall bear their own costs.

. This case was submitted on the briefs.

. Claim 271 is representative and reads:
A benefit information match mechanism comprising:
storing a plurality of benefit registrations on at least one physical memory device; receiving via at least one data transmission device a benefit request from a benefit desiring seeker; resolving said benefit request against said benefit registrations to determine one or more matching said benefit registrations; automatically providing to at least one data receiving device benefit results for said benefit requesting seeker; wherein said mátch mechanism is operated at least in part via a computer compatible network.